# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DAISY CORTES and ROBERT CORTES,<br><br>    Plaintiffs,<br><br>v.<br><br>JESSICA PABON, individually, and MARCIO MENA TRANSPORTATION, INC.<br><br>    Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT MARCIO MENA TRANSPORTATION, INC.** |

## NOTICE OF REMOVAL

Defendant, Marcio Mena Transportation, Inc. ("MARCIO MENA") by and through its undersigned counsel, files this Notice of Removal and in support would show as follows:

### THE REMOVED CASE

1. Plaintiffs, who are married, filed this action on January 12, 2022 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as case number 2022-CA-000348-O. A copy of the Complaint, which was subsequently served on MARCIO MENA on February 7, 2022, is attached

hereto as **Exhibit 1.** A copy of the accessible Circuit Court record is attached as **Exhibit 2**.

2. MARCIO MENA hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1446 on diversity of citizenship. Venue is proper under 28 U.S.C. § 1441(a) as this Court is the district and division embracing the place where Plaintiffs' state court action was filed and is currently pending.

3. Undersigned counsel is retained to represent MARCIO MENA and Defendant JESSICA PABON ("PABON"). PABON has not been served with process. As an unserved defendant, PABON's consent to removal is unnecessary. *Am. Res. Ins. Co. v. Evoleno Co.*, LLC, Case No. 07-0035-WS-M, 2007 U.S. Dist. LEXIS 12145, * 11 (S.D. Ala. Feb. 21, 2007); *Gott v. Am. Std., Inc.*, Case No. 03-20772-CIV-KING/O'SULLIVAN, 2003 U.S. Dist. LEXIS 27764, *6 (S.D. Fla. June 23, 2003) (noting that removal consent is only needed from served defendants).

## FACTUAL BACKGROUND

4. Plaintiffs filed this action alleging that PABON, allegedly acting in the course and scope her employment with MARCIO MENA as a bus driver, negligently caused injuries to Plaintiffs during a traffic accident with a vehicle operated by Mears Destination Services, Inc. Plaintiffs were

2

passengers in the vehicle operated by Mears Destination Services, Inc.

## FEDERAL DIVERSITY JURISDICTION EXISTS

5. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 and it is one that may be removed to this Court by MARCIO MENA pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

6. Plaintiffs' Complaint alleges damages "which exceed the jurisdictional limits" of the Circuit Court of the Ninth Judicial Circuit. (Ex. 1, ¶ 1.) Plaintiffs also allege they each suffered, as a result of the accident, "significant bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care treatment, loss of earnings, and loss of ability to earn money" and further allege the injuries resulting from the accident are "permanent" and both will "continue to suffer losses in the future." (*Id*., ¶¶ 11, 20, 24, 33.) However, the Complaint does not state a particular dollar value of alleged damages, much less allege the Plaintiffs seek damages in excess of $75,000 for purposes of the diversity jurisdiction amount in controversy requirement.

7. A defendant seeking removal on diversity grounds should not be denied "access to federal court merely because the complaint . . . is couched in nebulous terms." *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982) citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir. 1961). Thus, in determining whether the amount in controversy exceeds the jurisdictional requirement, the allegations in the Complaint must be given a reasonable interpretation. *Baker*, 527 F. Supp. at 246; *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985). If the jurisdictional amount is not facially apparent from the complaint, courts should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *see also Estevez*, 606 F. Supp. at 129 (holding the court may determine the amount in controversy for jurisdictional purposes by reference to the removal petition).

8. Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant need only prove by the preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000); *accord Golden v. Dodge Markam Co., Inc.*, 1 F. Supp. 2d

1360, 1362-63 (M.D. Fla. 1998). A removing defendant can discharge this burden by showing that the allegations in the Complaint and the Notice of Removal demonstrate that a verdict rendered in favor of the plaintiff <u>could</u> exceed $75,000.00.

9. Given the litany of damages claimed by <u>both</u> Plaintiffs as quoted in paragraph 4 above and as alleged in paragraphs 11, 20, 24, and 33 of the Complaint, it is certainly possible that a jury verdict could exceed $75,000. Furthermore, undersigned counsel represents to the Court that Plaintiffs' <u>individual</u> pre-suit demands in this case exceeds $75,000, making their total present demand more than $100,000. Certainly, Plaintiffs believe their claims are in excess of the monetary jurisdictional threshold of diversity jurisdiction. Therefore, MARCIO MENA has met its burden of showing the amount in controversy requirement for diversity jurisdiction is satisfied.

10. To satisfy 28 U.S.C. § 1332, MARCIO MENA must also show diversity of citizenship of the parties. Plaintiffs' Complaint dutifully (and accurately) states that MARCIO MENA is a Florida corporation doing business in the State of Florida and that PABON is a citizen of the State of Florida. However, conveniently, the Complaint makes no reference to the citizenship or residence of either Plaintiff, <u>likely to avoid removal to federal court</u>.

11. However, like the amount in controversy requirement, examining of

diversity of citizenship is not limited to the face of the Complaint. *Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992). The *Woolard* court held that a defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. *Woolard*, 791 F. Supp. at 295; *see also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982); *Estevez-Gonzalez*, 606 F. Supp. at 129. In *Woolard*, the court specifically rejected the argument that a court should only look at the face of a complaint when determining removal jurisdiction in diversity cases. The court stated that if it adopted the face of the complaint rule:

> [D]efendants' statutory right to removal would be wholly contingent upon the Plaintiff's choice of words. If, for example, a citizen of Florida were suing a citizen of New York in Florida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the Defendant's citizenship. As the commentators have written, were this the rule, it would be a most undesirable one.

*Id.* at 296-97 (citations omitted); *see also Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995) citing *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982) (holding it appropriate to look beyond the face of the complaint to the removal petition in assessing diversity jurisdiction).

12. Additionally, *Federal Practice and Procedure* by Wright, Miller & Cooper, explains that a federal district court's consideration of both the Complaint and the Notice of Removal is statutorily correct. Indeed, the failure to

6

consider the Notice of Removal would deprive a defendant of the statutory right to remove. Section 3734 of *Federal Practice and Procedure* states:

> Fortunately, <u>in practice, the federal courts usually do not limit their inquiry to the face of the Plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal. Section 1446 [of 28 U.S.C.] makes it clear that this practice is correct.</u> The provision that a removal petition may be filed within thirty days of receipt of an "amended, pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that a variety of papers may be considered in determining the removability of a case and it has been so held. Similarly **<u>there would be little point in requiring the petition for removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal.</u>**

14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction*, 2d, § 3734 (emphases added). To look strictly at the complaint, and nothing else, would allow a plaintiff, either intentionally or unintentionally, to defeat a defendant's right to remove a case which in fact meets the diversity jurisdiction requirements by mischaracterizing or omitting relevant facts from the complaint. 14A Wright, Miller & Cooper § 3734.

   13.   MARCIO MENA shows by the preponderance of the evidence that Plaintiffs are citizens of State of New York. The police report related to the accident states that Plaintiffs are residents of Glendale, New York. Attached as **Exhibit 3** is a redacted copy of the portion of the police report, taken by the Orlando Police Department, reflecting Plaintiffs' residence. Indeed, Plaintiffs' pre-suit demand,

prepared by their counsel, states both Plaintiffs reside in New York, a fact curiously absent from Plaintiffs' Complaint allegations.

### TIMELINESS OF REMOVAL

14. This Notice of Removal is timely filed under 28 U.S.C. § 1446 within thirty days after MARCIO MENA was served with process. Exhibit 1 shows that MARCIO MENA was served on February 7, 2022, although no affidavit of service has been filed by Plaintiffs.

### CONCLUSION

15. As explained above, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity with the amount in controversy requirement satisfied.

16. Accordingly, MARCIO MENA asks that the United States District Court for the Middle District of Florida to issue such orders and process as are necessary to preserve its jurisdiction over this matter.

17. Plaintiffs are hereby notified to proceed no further in state court. A copy of this Notice is being filed with the Clerk of Court for the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

                                                Respectfully submitted,

                                                /s/ Joseph E. Blitch
                                                JOSEPH E. BLITCH, ESQUIRE
                                                Florida Bar No.: 40592
                                                BLITCH WESTLEY BARRETTE, S.C.

9100 Conroy Windermere Road, Suite 200
Windermere, Florida 34786
Telephone: (407) 574-2835
Facsimile: (608) 829-2982
Primary: jblitch@bwesq.com
Secondary: mmock@bwesq.com
Third: bblitch@bwesq.com

**CERTIFICATE OF SERVICE**

I hereby certify that, February 28, 2022, a true and correct copy of the foregoing document was served on the following counsel of record via the court's electronic service system:

Tiffany M. Faddis, Esq.
Florida Bar No. 630667
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Telephone: (407) 845-1756
tfaddispleadings@newlinlaw.com
*Attorney for Plaintiff*

 /s/ Joseph E. Blitch
Joseph E. Blitch